Bellacosa, J.
(dissenting in part). I respectively dissent for essentially the reasons expressed in the majority memorandum at the Appellate Division, and would affirm its order upholding the New York City Police Commissioner’s summary dismissal of appellant-petitioner from the police force.
The determinative question should not be whether the definition of criminal trespass in the second degree, as an abstract proposition under Penal Law § 140.15, involves a violation of a police officer’s oath of office. Rather, the key to this case should be whether appellant’s particular misdemeanor conviction for criminal trespass involved "a violation of his oath of office” (Public Officers Law § 30 [1] [e]).
While off duty, this officer became involved in a street argument stemming from his becoming blocked in the roadway in his vehicle. He was behind another driver who had stopped in the middle of the street and left his vehicle, leaving no lane for cars to pass. Both drivers left their cars and engaged in a shouting match. The officer then pursued the private citizen on foot into that citizen’s private dwelling place. There, the officer escalated the situation significantly by drawing his service revolver and pointing it at several people, including the driver whom he had followed into the building.
The officer was ultimately arrested and charged with several crimes. The fact that he was acquitted of two of the charges (menacing and criminal mischief) does not change or mitigate the essence of the criminal conduct for which he was charged and convicted. The accusatory instrument, in customary form, particularized the criminal acts that violated Penal Law § 140.15. He was thus convicted of the conduct specified in that charge, not of a disembodied Penal Law definition.
In my view, appellant’s conviction in this case strikes at the heart of his oath as a police officer to uphold the peace, not to breach and threaten it. He is surely unfaithful to his oath when he converts common street-sparring-with-words into a far more dangerous brawl by trespassing into another’s private dwelling space, and by displaying his "off duty” firearm *137 in a manner suggesting threatened use by pointing it at people.
Appellant’s counsel expressly asked for a rule that allows the Police Commissioner to take cognizance of the facts underlying a conviction when applying Public Officers Law § 30 (1) (e). Taking the legal proposition and the facts as presented on this record for the judicial review of that agency head’s disciplinary determination, I discern no possible legal justification, in a civil departmental disciplinary context, for this officer’s oath-defying conduct. Thus, with or without consideration of the underlying specific conduct, I would conclude that the Appellate Division correctly grasped that this individual’s crime undeniably transgressed his oath as a police officer within the meaning of the employment disciplinary statute, and that the Police Commissioner justifiably fired him summarily.
Chief Judge Kaye and Judges Titone, Hancock, Jr., and Smith concur with Judge Simons; Judge Bellacosa dissents and votes to affirm in a separate opinion.
Order reversed, etc.